IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PRESTON BLACKWOLF, | CV 24-15-GF-DWM |
| Plaintiff, | |
| vs. | ORDER |
| JOHN DOE, GREAT FALLS POLICE DEPARTMENT OFFICER, | |
| Defendant. | |

Plaintiff Preston Blackwolf ("Blackwolf") is a state prisoner proceeding without counsel and in forma pauperis. On December 19, 2024, this Court issued a Scheduling Order. (Doc. 29.) Blackwolf failed to file a Disclosure Statement as required by the Court's order. Defendants filed a Motion to Dismiss for Lack of Prosecution and brief in support, *see* (Docs. 35 & 36), to which Blackwolf did not respond. On April 9, 2025, Blackwolf was directed to show cause as to why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure 41. (Doc. 37.) Blackwolf was advised that his failure to respond to the Court's order would result in dismissal of this matter.

1

Blackwolf filed a letter that was not responsive to the Court's order. (Doc. 38.) In the letter Blackwolf states that he does not have an attorney to help him, and he does not know how to proceed. (*Id*.) Blackwolf then filed a document, which appears to be prepared by someone else, entitled "Notice of Principal Security Interest Due to the Beneficiary." (Doc. 39.) This document also does not address the show cause order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Blackwolf has failed to comply with this Court's scheduling order, and he has also failed to adequately respond to the Court's order to show cause. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Blackwolf refuses to comply with the Court's orders. Blackwolf's case has consumed judicial resources and time that could have been better spent on other matters. The Court has attempted to explain to Blackwolf the steps he must take in order to move this litigation forward, to no avail. *See e.g.*, (Doc. 27, 29-1, 29-2.) This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendant. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted. Defendant GFPD Officer Doe and counsel have spent time and effort preparing the disclosure statement in compliance with the scheduling order. (Doc. 33.) Additionally, defense counsel represents that Blackwolf was provided with all information regarding his interactions with the Great Falls Police Department since 2022. *See*, (Doc. 36 at 2-3.) Blackwolf's failure to file his disclosure statement has interfered with Defendant's ability to prepare for trial. The Court finds Defendant has been prejudiced and that further prejudice would likely occur if the motion to dismiss is not granted.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Blackwolf was afforded an adequate amount of time in which to prepare his initial disclosure statement. Additionally, he was provided an opportunity to explain why this matter should not be dismissed.

Further, Blackwolf was advised that his failure to obey the court's order would result in dismissal. *See e.g.*, (Doc. 37 at 2-3.) Such a warning satisfies the considerations of the alternative requirement. *See Ferdik*, 963 F. 2d at 1262. Blackwolf had adequate warning that dismissal would result from his noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon Blackwolf's failure to prosecute pursuant to Fed. F. Civ. P. 41(b). Accordingly, the Court enters the following:

## ORDER

1. Defendant's Motion to Dismiss (Doc. 35) is GRANTED. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 23rd day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court